**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Origami Owl, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Riley Palmer and Brian Palmer, wife and husband; Tamara Ochoa and Joseph Ochoa, wife and husband; Steffani Brown and John Doe Brown, wife and husband; South Hill Design Corp., an Arizona Corporation,<br><br>　　　　　　　　Defendants. | CASE NO.<br><br>**TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING** |

　　　　Plaintiff Origami Owl, LCC, having moved against Defendants Riley Palmer and Brian Palmer, Tamara Ochoa and John Doe Ochoa, Steffani Brown and John Doe Brown, and South Hill Design, Corp., for a temporary restraining order, order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65, and the Court having reviewed Plaintiff's Verified Complaint and Application for Temporary Restraining Order and Preliminary Injunction, supporting Affidavits and exhibits submitted herewith, and the Court having heard arguments, the Court finds:

　　　　1.　　Plaintiff is likely to succeed in showing that Plaintiff has copyrighted or copyrightable interests in its designs and that Defendants may have used Plaintiff's copyrighted or copyrightable material in connection with the manufacture, distribution, offer for sale and/or sale of products offered under the South Hill Design name;

1

2834962.1

2. Plaintiff is likely to succeed in showing that Defendants have engaged in conduct that constitutes false designation of origin and false and misleading representations in that Origami Owl's unique and distinctive product designs are represented to be created by these Defendants as their own original products;

3. Plaintiff is likely to succeed in showing Defendants' conduct constitutes unfair, unlawful, and fraudulent business practices in that these Defendants used Riley Palmer's position of trust with Plaintiff by virtue of Ms. Palmer's independent contractor relationship with Plaintiff to obtain an unlawful business advantage, and unlawfully compete with Plaintiff; and

4. Plaintiff is likely to succeed in demonstrating that Defendants have wrongfully solicited Origami Owl's Independent Designers, in violation of the Origami Owl Designer Agreement.

5. Defendants' use of the copyrighted or copyrightable materials, Defendants unfair and fraudulent business practices, and Defendants' solicitation of Origami Owl Independent Designers would result in immediate and irreparable injury to Plaintiff if Defendants are not enjoined; and

6. Plaintiff's harm from denial of the requested temporary restraining order would outweigh the harm to Defendants' legitimate interests from granting such an order.

THEREFORE, IT IS HEREBY ORDERED:

1. Enjoining and restraining Defendants, their officers, agents, servants and employees and any person in active concert or participation with them from using Plaintiff's copyrighted or copyrightable materials or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrightable materials in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise;

2834962.1

2. Enjoining and restraining Defendants, their officers, agents, servants and employees and any person in active concert or participation with them from soliciting Origami Owl Independent Designers for any purpose related thereto;

3. That the Temporary Restraining Order shall remain in effect until the date for hearing on the Plaintiff's request for Preliminary Injunction set forth below, or such further dates as set by the Court, unless Defendants stipulate or have not objected to the Preliminary Injunction;

4. Setting a hearing on Plaintiff's Application for Preliminary Injunction on _____, 2012 at _____ a.m./p.m. in Courtroom ____ of the United States District Court for the District of Arizona, 401 W. Washington, Phoenix, Arizona; and

5. That Plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the amount of $_____ as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder.

DATED this ____ day of October, 2012.