William D. Holm, Bar #007412
Erik J. Stone, Bar #027805
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7804
wholm@jshfirm.com
estone@jshfirm.com

Attorneys for Defendants Riley & Brian
Palmer; Tamara & Joseph Ochoa; Steffani
Brown; and South Hill Design Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Origami Owl, LLC, | NO. 2:12-cv-02290-SRB |
| Plaintiff, | **ANSWER** |
| v. | |
| Riley Palmer and Brian Palmer, wife and husband; Tamara Ochoa and Joseph Ochoa, wife and husband; Steffani Brown and John Doe Brown, wife and husband; South Hill Design Corp., an Arizona Corporation, | |
| Defendants. | |

Defendants, answering Plaintiff's Complaint, admit, deny and allege as follows. Defendants, Riley & Brian Palmer; Tamara & Joseph Ochoa; Steffani Brown; and South Hill Designs Corp. ("SHD") (collectively, "Defendants") deny each and every allegation not specifically admitted herein.

## PARTIES

1.      Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies those allegations.

2.      Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3016771.1

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      In answering Paragraph 5 of Plaintiff's Complaint, Defendants deny that SHD is an Arizona corporation.  SHD is a Delaware corporation that is authorized to do business in Arizona.  Furthermore, SHD's named principals are Joseph Ochoa and Brian Palmer.  Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION OF AND VENUE

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are conclusions of law to which an affirmative response is not required.  To the extent the allegations contained in Paragraph 6 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

7.      In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that jurisdiction is proper in this Court.  However, to the extent the allegations contained in Paragraph 7 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

8.      In answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that jurisdiction is proper in this Court.  However, to the extent the allegations contained in Paragraph 8 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

## FACTUAL ALLEGATIONS

9.      Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies those allegations.

10.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies those allegations.

11.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies those allegations.

12.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies those allegations.

13.    Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.  Defendants affirmatively allege that they have searched the U.S. Copyright office and Plaintiff does not own any "registered" copyrights.

14.    In answering Paragraph 14 of Plaintiff's Complaint, Defendants admit Riley Palmer became an Independent Designer for Origami Owl on or about February 24, 2012 through the on-line application process.  Defendants deny, however, that Ms. Palmer agreed to the "Designer Agreement Terms and Conditions" and the "Origami Owl, LLC Policies & Procedures" identified in Plaintiff's Complaint, Paragraph 14.

15.    In answering Paragraph 15 of Plaintiff's Complaint, Defendants deny that the Designer Agreement identified in Plaintiff's Complaint is the agreement entered into by Ms. Palmer.  Defendants further respond that the Designer Agreement speaks for itself and to the extent the allegations in Paragraph 15 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

16.    In answering Paragraph 16 of Plaintiff's Complaint, Defendants deny that the Designer Agreement identified in Plaintiff's Complaint is the agreement entered into by Ms. Palmer.  Defendants further respond that the Designer Agreement speaks for itself and to the extent the allegations in Paragraph 16 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

17.     In answering Paragraph 17 of Plaintiff's Complaint, Defendants deny that the Designer Agreement identified in Plaintiff's Complaint is the agreement entered into by Ms. Palmer.  Defendants further respond that the Designer Agreement and the Policies & Procedures speak for themselves and to the extent the allegations in Paragraph 17 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

18.     In answering Paragraph 18 of Plaintiff's Complaint, Defendants deny that Ms. Palmer agreed to the Policies & Procedures identified in Plaintiff's Complaint. Defendants further respond that the Policies & Procedures speaks for itself and to the extent the allegations in Paragraph 18 of Plaintiff's Complaint purport to state a cause of action against Defendants, those allegations are denied.

19.     Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.  Ms. Palmer was a very enthusiastic supporter of Origami Owl and the product she helped create and sell.

20.     In answering Paragraph 20 of Plaintiff's Complaint, Defendants deny that Ms. Palmer purchased a total of only $1,118.65 in product.  In reality, Ms. Palmer purchased approximately $7,288.45 worth of product from Origami Owl from February 24, 2012 through May 15, 2012.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.  Defendants affirmatively allege that Ms. Palmer gave Plaintiff notice of her intent to terminate on July 10, 2012.  Plaintiff, however, refused to allow Ms. Palmer to terminate until she signed the Policies and Procedures identified in Plaintiff's Complaint.  After months of refusing to sign the Policies and Procedures, Ms. Palmer finally sent in her remaining inventory and was issued a refund.  Ms. Palmer never signed the Policies and Procedures.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Brian Palmer is the contact person for SHD.  Defendants further admit that SHD is a company that sells floating-charm lockets through a direct sales business model. Defendants, however, deny that SHD is selling Plaintiff's copyrighted material.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.  SHD's website is significantly different from Plaintiff's website. There is no customer confusion between the two websites.

25.     In answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that SHD's website contains an "Our Story" page on it, but Defendants deny that it is similar to Plaintiff's story.  Defendants also admit that SHD began as the brainchild of Tamara Ochoa.

26.     In answering Paragraph 26 of Plaintiff's Complaint, Defendants admit that SHD uses the same direct sales business model as Plaintiff and several other third-parties.  Defendants also admit that SHD markets the same type of "floating-charm lockets" as Plaintiff and several other jewelry companies.  Defendants, however, deny that SHD uses any of Plaintiff's claimed copyrighted charms.

27.     In answering Paragraph 27 of Plaintiff's Complaint, Defendants admit that SHD uses some of the same generic terms to describe "categories" of charms that Plaintiff does, such as: love; sports; food; vintage; travel; animals; music, family, faith; etc.   Defendants deny that all of SHD's categories are exactly the same as Plaintiff's.

28.     In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny that SHD replicated Plaintiff's tagline.  Plaintiff's tagline is completely different than SHD's.  There is no confusion.

29.     In answering Paragraph 29 of Plaintiff's Complaint, Defendants deny that SHD copied Plaintiff's receipts.  SHD created its own order form based on several other order forms available online and with the help of SHD's corporate counsel.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT I
**(Willful Copyright Infringement in Violation of**
**17 U.S.C. § 501 *et seq*. Against All Defendants)**

31.     Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.  Defendants affirmatively allege that they have searched the U.S. Copyright office and Plaintiff does not own any "registered" copyrights.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint amount only to a prayer for relief.  To the extent the allegations purport to state a cause of action against Defendants, Defendants deny those allegations.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint amount only to a prayer for relief.  To the extent the allegations purport to state a cause of action against Defendants, Defendants deny those allegations.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint amount only to a prayer for relief.  To the extent the allegations purport to state a cause of action against Defendants, Defendants deny those allegations.

## COUNT II
**(Unfair Competition Against All Defendants)**

38.     Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

### COUNT III
### (Common Law Unfair Competition Against All Defendants)

42. Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

### COUNT IV
### (Civil Conspiracy Against All Defendants)

47. Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## COUNT V
### (Breach of Contract Against Defendant Riley Palmer)

52.     Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

53.     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.   Riley Palmer did not enter into the agreements identified by Plaintiff in its Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are legal conclusions to which an affirmative response is not required.   To the extent an affirmative response is necessary, Defendants deny the allegations.

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint amount only to a prayer for relief.   To the extent the allegations purport to state a cause of action against Defendants, Defendants deny those allegations.

## COUNT VI
### (Application for Temporary Restraining Order and Preliminary Injunction Against All Defendants)

58.     Defendants incorporate all of the responses set forth in this Answer as if fully set forth in this Paragraph.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint are legal conclusions to which an affirmative response is not required.   To the extent an affirmative response is necessary, Defendants deny the allegations.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. Defendants allege by way of affirmative defense that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2. As and for a further defense and in the alternative, Defendants allege that Plaintiff was contributorily negligent and/or that any damages received by Plaintiff were as the result of an intervening/superseding cause or through the negligence of someone other than Defendants, all of which bars or reduces recovery to the Plaintiff from Defendants.

3. As and for a further defense and in the alternative, Defendants allege that Plaintiff has failed to mitigate its damages.

4. As and for a further defense and in the alternative, Defendants allege that Plaintiff seeks to recover speculative and unforeseeable damages.

5. As and for a further defense and in the alternative, Defendants allege that Plaintiff's claims are barred because Plaintiff's alleged copyrights do not contain sufficient originality and/or creativity to be protected under the Copyright Act.

6. As and for a further defense and in the alternative, Defendants allege that Plaintiff is not entitled to attorney fees and costs because Defendants acted in good faith at all times and any allegedly infringing conduct by Defendants was neither willful nor intentional.

7. As and for a further defense and in the alternative, Defendants allege that Plaintiff's claims are barred by the defense of misuse and/or unclean hands.

8. As and for a further defense and in the alternative, Defendants allege the copyright registrations (which are only applications at this time) that are allegedly infringed by Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

9. As and for a further defense and in the alternative, Defendants allege that one or more of Plaintiff's claims for statutory damages and attorney fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiff's copyright registrations were

1   not made within three months after the first publication of the allegedly infringing works,

2   as required by 17 U.S.C. § 412.

3          10.    As and for a further defense and in the alternative, Defendants allege

4   that Plaintiff's claims are barred because Defendants' conduct was made in good faith to

5   advance legitimate business interests and had the effect of promoting, encouraging, and

6   increasing competition.

7          11.    As and for a further defense and in the alternative, Defendants allege

8   that Plaintiff's claims are barred because Defendants' actions were neither unfair nor

9   deceptive.

10          12.    As and for a further defense and in the alternative, Defendants allege

11   that Riley Palmer did not enter into the agreements identified in Plaintiff's Complaint.

12          13.    As and for a further defense and in the alternative, Defendants allege

13   that Riley Palmer did not enter into the "Policies & Procedures" identified in Plaintiff's

14   Complaint.

15          14.    As and for a further defense and in the alternative, Defendants allege

16   that the agreements identified by Plaintiff in their Complaint lack certain and definite

17   terms sufficient to be enforceable.   Specifically, section 9 of the alleged Designer

18   Agreement Terms & Conditions contains illusory terms and lacks consideration for future

19   modifications.  Section purports to "incorporate" by reference all "future modifications,"

20   which is illusory, undefined, uncertain, and therefore not enforceable.

21          15.    As and for a further defense and in the alternative, Defendants allege

22   failure of consideration.

23          16.    As and for a further defense and in the alternative, Defendants allege

24   that the contracts identified by Plaintiff in its Complaint are unenforceable to the extent

25   they purport to allow Plaintiff to unilaterally modify or amend the terms of the contracts

26   without consideration and acceptance by Riley Palmer.

27

28

3016771.1

10

17.     As and for a further defense and in the alternative, Defendants allege that Plaintiff is not entitled to equitable relief because Plaintiff will not suffer irreparable harm.

18.     As and for a further defense and in the alternative, Defendants allege that Plaintiff is not entitled to equitable relief because Plaintiff's damages, if any, are compensable through monetary relief.

19.     As and for a further defense and in the alternative, Defendants allege that if indeed they are determined to be liable for the allegations alleged in the Complaint, Defendants are entitled to contribution from other named and unnamed defendants by way of the doctrine of contribution.

20.     Although Defendants do not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiff on notice that Defendants raise the following defenses which, through subsequent discovery, may indeed be supported by the facts: statute of limitations, abatement under Rule 6(f), lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, insufficiency of process and insufficiency of service of process and waiver.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendants pray that it be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendants be awarded their costs and attorney fees incurred herein, and for such other and further relief as to this Court deems just and proper.

1       DATED this 21st day of November, 2012.

2                                                JONES, SKELTON & HOCHULI, P.L.C.

3

4                                           By  /s/ William D. Holm
                                                 William D. Holm
5                                                Erik J. Stone
                                                 2901 North Central Avenue, Suite 800
6                                                Phoenix, Arizona  85012
                                                 Attorneys for Defendants Riley & Brian
7                                                Palmer; Tamara & Joseph Ochoa; Steffani
                                                 Brown; and South Hill Design Corp.
8

9    ORIGINAL electronically filed
     this 21st day of November, 2012.
10

11   COPY mailed/**e-mailed**
     this 21st day of November, 2012, to:

12
     Leon B. Silver
13   Rebecca N. Lumley
     Polsinelli Shughart, PC
14   One East Washington Street, Suite 1200
     Phoenix, Arizona  85004
15   Attorneys for Plaintiff

16   /s/ Vicki Jones

17

18

19

20

21

22

23

24

25

26

27

28